A. L. BAKER V. ELIZA E. SAVIDGE ET AL.

FILED DECEMBER 21, 1897.   No. 7621.

Action by Vendee After Eviction: LIABILITY OF VENDOR. No cause of action arises in favor of a grantee of land, who has been evicted under title paramount, against his vendor who made no covenants or representations as to title and was guilty of no fraud.

ERROR from the district court of Dakota county.   Tried below before NORRIS, J.   *Reversed.*

*Lynn, Sullivan & Foley* and *J. Fowler,* for plaintiff in error.

*R. B. Daley* and *W. E. Gantt, contra.*

IRVINE, C.

This is a proceeding in error to review a judgment recovered by Eliza E. Savidge and D. J. Savidge against

A. L. Baker. The bill of exceptions was at a former term quashed, so that we can consider no questions requiring an examination of the evidence. The argument of plaintiff in error, while chiefly addressed to the evidence, is, however, equally applicable to the sufficiency of the petition,—a question always open for consideration. We do not think that the petition states a cause of action, and the judgment must for that reason be reversed.

The petition, in brief, alleges that the Savidges were the owners of certain land in Dakota county and conveyed it by warranty deed to Baker. In consideration of said conveyance Baker agreed to convey to Eliza Savidge certain lots in South Sioux City by good and sufficient warranty deed with the usual covenants and agreements in such deeds contained. At the time of the exchange of deeds Baker represented to plaintiffs that he held a deed to the lots from certain persons named Clark, which deed contained the usual covenants of warranty, which deed had been by the Clarks placed in the hands of defendant with authority to insert the name of any grantee to whom he might wish to convey the property, and that it would save expense and convey as good title as a deed from Baker himself, to insert plaintiffs' names in the Clark deed. Plaintiffs accepted said deed, gave Baker possession of their land, and entered into possession of the South Sioux City lots. The Clarks did not have a good title to the lots, but plaintiffs were later dispossessed of six of them by persons claiming under title paramount. The Clarks are insolvent.

This is clearly not an action for breach of covenant. There was no covenant by the defendant. While it is charged that his first agreement was to convey by warranty deed, it is then pleaded in effect that the contract was changed in this particular and the deed and covenant of third persons were taken in lieu of defendant's. For the same reason there is pleaded the breach of no implied covenant. Whether or not covenants are ever

implied under our forms of conveyancing, it is quite evident that none can be implied against a party who was not a party to the conveyance. There is not pleaded any contract to furnish a good, a marketable, or any particular title. As finally stated, the contract was merely to exercise a sort of power of appointment, possessed by holding the "blank deed" from the Clarks, in favor of plaintiffs. It appears affirmatively that the contract was in this respect fully complied with. It is not charged that the representations made as to Baker's authority to fill the blank and deliver the deed were not true. These are the only representations pleaded. It is not alleged that Baker represented that the Clarks had good title; nor is it pleaded that Baker represented them to be solvent, so that the allegation that they were insolvent is immaterial; nor can the action be treated as one for money had and received. The transaction was an exchange and not a sale, and there is no attempt to rescind. Moreover, the consideration did not fail. The contract was for a conveyance of the lots, with covenants of warranty by the Clarks. This plaintiffs obtained. For all that appears they were fully aware of the condition of the title and were buying on the hazard of sustaining it. At all events they got just what they contracted for, according to the averments of their petition, and have no cause of action against Baker from the bare fact that they were evicted, in the absence of fraud or some covenant or agreement on his part whereby he would be charged.

REVERSED AND REMANDED.